## THE LITHOPOLIS.

## GOODWIN–GALLAGHER SAND & GRAVEL CORPORATION v. UNITED STATES.

(District Court, E. D. New York. February 28, 1923.)

Collision ☞137—Measure of damages for loss of cargo of sand held its market value.

> The measure of damages recoverable by the owner of a cargo of sand lost in collision is its market value, regardless of the price which he was to receive for it under a contract.

In Admiralty. Suit by the Goodwin-Gallagher Sand & Gravel Corporation against the United States, owning the steamer Lithopolis. On exceptions to report of commissioner. Report recommitted.

Foley & Martin, of New York City, for libelant.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Horace M. Gray, Asst. U. S. Atty., of New York City, of counsel), for the United States.

GARVIN, District Judge. A collision occurred September 8, 1920, as a result of which a certain amount of sand belonging to libelant and laden on board a barge was lost overboard. A steamship belonging to the respondent was held at fault and a commissioner was appointed to determine the damage. He has allowed the libelant for a full cargo of sand, at $1.50 per cubic yard, with interest.

The respondent contends that only nominal damages should be allowed, inasmuch as there is no proof of the amount of sand that was actually lost, although it appears that the barge had a full cargo. I have great reluctance in modifying the report to allow only nominal damages, because it seems to me altogether likely that substantial damages were sustained. I shall therefore direct that the matter be resubmitted to the commissioner, and that he shall find specifically and upon testimony with respect to the two following matters: (1) What amount of sand was actually lost. (2) What was the market value of such sand when the loss occurred.

Both sides are hereby afforded an opportunity to present all testimony available upon these questions. The market value of the sand is the basis upon which damages must be computed. This is evident, because, if libelant owned a cargo of sand, the market price of which was 50 cents per cubic yard, which cargo libelant had sold at $1.50 per cubic yard, when the transaction was completed and payment made, libelant would have been better off to the extent of $1 per cubic yard, having parted with sand worth 50 cents and receiving in return $1.50.

After the loss of the sand, libelant was required to replace it, incurring thereby an expense of 50 cents per cubic yard. Upon delivery of this sand under the contract, the libelant no longer had the original cargo and had expended 50 cents in addition. Receiving $1.50, libelant was only 50 cents better off by the transaction, and is entitled to recover an additional 50 cents from the respondent, thereby being put in the same position as it would have been had no accident occurred. Thus the damage is the market value of the sand.